IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-11703-REK

| | |
|---|---|
| RTFE DELAWARE LLC, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) ) ) |
| HARRY W. HEALEY, JR., | ) ) ) |
| Defendant | ) ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S QUALIFIED OPPOSITION TO CONSOLIDATE AND OPPOSITION TO REMAND**

**Introduction**

On August 16, 2004, the plaintiff filed and served a Qualified Opposition to Defendant's Motion to Consolidate in the case of *Robert J. Zammito, Jr., et als v. Harry W. Healey, Jr., et als, Civil Action No: 04-10161-REK*. In that opposition, the plaintiff opposes consolidation on the grounds that the defendant's notice of removal in this action was not timely filed. To the extent that the plaintiff's opposition to the defense motion to consolidate this action may be treated as a motion to remand, for the reasons stated below, the plaintiff's motion to remand should be denied because this Court has original subject matter jurisdiction pursuant to 28 U.S.C., Sections 1331 and 1332(a)(1) and because counsel for the plaintiff has waived the timeliness requirements of 28 U.S.C., Section 1441(b).

## Relevant Facts

The plaintiff, RTFE Delaware, LLC, a limited liability company organized under the laws of the State of Delaware, brought this action to recover a sum allegedly due on certain "Restated Notes" which were never presented to or signed by the defendant, Harry W. Healey (hereinafter "Healey") (See, Defendant's Answer and Counterclaims to Complaint hereinafter "Counterclaims"). The notes purport to represent a loan to Healey as payment for his one-sixth interest in a company known as Fleet Environmental Services, LLC which he acquired in December of 2000 from RTFE Delaware, LLC but from which Robert Zammito (hereinafter "Zammito") has been improperly siphoning funds as part of a complex civil RICO fraud *Id.*

In 1991, Zammito was the owner and operator of a family owned regional ambulance company in Southeastern Massachusetts. Later that year, Zammito hired Healey as a consultant to assist in the identification, acquisition and integration of other ambulance service companies. Healey, who has over thirty years experience in the banking industry, owned and operated a financial consulting firm known as Huntington Forbes, Ltd. (See, Healey's Answer to Interrogatory No. 12).

In 1995, after acquiring a number of regional ambulance service companies through Healey's advice and assistance, Zammito sold his interest in the firm as part of a hundred million dollar acquisition *Id.* Subsequently, Zammito hired Healey to continue to work with him to invest the proceeds from the sale of his ambulance service company by identifying and acquiring other businesses *Id.*

As compensation, Healey received a monthly consulting fee; a ten percent commission on each new acquisition; and, an option to purchase with no time limit an interest of up to one-sixth of each business acquired at Zammito's acquisition cost *Id.* Together, Zammito and Healey identified and acquired nearly a dozen businesses and, based upon Healey's advice, Zammito's net worth increased from approximately 8 million dollars in 1991 to approximately 50 million dollars in 2000 *Id.*

One of the businesses identified by Healey for acquisition by Zammito was an entity engaged in the environmental remediation business known as Fleet Environmental Services, LLC (hereinafter "Fleet") *Id.* Zammito authorized Healey to negotiate the acquisition of the firm for the sum of 1.5 million dollars which occurred in August of 1996 *Id.* From 1996 through 2000, annual revenues at Fleet increased from approximately 2 million dollars to approximately 23 million dollars *Id.* Zammito owned approximately seventy-five percent of the business *Id.* In December of 2000, Zammito arranged to have his equity in Fleet owned by RTFE Delaware, LLC *Id.*

Also in December of 2000, pursuant to his prior compensation agreement with Zammito, Healey exercised his option to acquire one-sixth of Zammito's interest in Fleet *Id.* The total purchase price of Healey's one-sixth interest in Fleet equaled $250,000 *Id.* Payment by Healey was to be made by two notes; one recourse note in the amount of $33,333 payable to RTFE Delaware, LLC and one non-recourse note in the amount of $66,666 payable to RTFE Delaware, LLC *Id.* In addition, Healey was to be given credit for his commission for

3

professional services rendered in connection with the acquisition of Fleet which equaled $150,000 *Id.* However, no notes were ever issued, presented to, or executed by Healey (See, Healey's Answer to Interrogatory No. 4).

In 2002, as a result of certain business irregularities and corporate malfeasance discovered by Healey, Healey sought to terminate his professional relationship with Zammito (See, Defendant's Counterclaim). At the time, Zammito owed Healey more than $1,529,641 for commissions due on the acquisition of several other businesses and other sums for other professional services rendered *Id.* Healey requested payment and Zammito refused *Id.* Healey terminated his professional relationship with Zammito *Id.*

Subsequently, Healey discovered that for the past four years, Zammito had been engaged in a pattern of racketeering activity whereby he improperly siphoned funds from legitimate business entities, including Fleet Environmental Services, LLC, RTFE Delaware, LLC and others, unjustly enriched himself and members of the Zammito family to the detriment of the third party plaintiffs and others. These racketeering activities included: (1) the payment of exorbitant and unearned management fees; (2) obtaining non-interest bearing advances; (3) the payment of salaries to Zammito's children and others for no-show jobs; (4) the payment of personal expenses for Zammito and members of his family; (5) the unauthorized liquidation of corporate assets and the misappropriation of the proceeds by Zammito and family members; and, (6) the misuse of corporate assets that resulted in the unjust enrichment of Zammito and members of his family. These activities are all described in Paragraphs 82 through 133 and

Paragraphs 135 through 143 of the defendants' counterclaim and more particularly, by Healey in his answer to Interrogatory No. 12 filed herewith. As a result, Healey received nothing of value for his purchase of a one-sixth interest in Fleet Environmental Services, LLC and denies that he owes Zammito or RTFE Delaware, LLC anything.

## Relevant Procedural History

On December 24, 2003, Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini (collectively "plaintiffs") commenced an action against the Defendants and Counterclaim Plaintiffs by filing a complaint in the Massachusetts Superior Court entitled *Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini v. Harry W. Healey, Grantor Trust and Peter W. Healey, As Trustee*, Suffolk Superior Court, Civil Action No: 03-6083BLS.

In that action, defendant, Harry W. Healey, Jr., brought counterclaims against the plaintiffs alleging violations of 18 U.S.C., Sections 1961-1968, the Racketeer Influenced and Corrupt Organizations Act. In his counterclaim, defendant, Harry W. Healey, Jr., asserts a right to recover the sum of at least $3,369,641, exclusive of interest, costs, punitive damages, attorneys fees and other damages. Thus, the controversy involved a Federal question or claim or right arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331) and was removed to the United States District Court pursuant to 28 U.S.C., Section 1441(b) on January 23, 2004 and is presently

known as *Robert J. Zammito, Jr., et als v. Harry W. Healey, Jr., et als, Civil Action No: 04-101610REK* (hereinafter "the Zammito action").

On January 20, 2004, the plaintiffs filed this second action against Harry W. Healey, Jr., in the Superior Court for Plymouth County, Commonwealth of Massachusetts, known as *RTFE Delaware, LLC v. Harry W. Healey, Jr., Plymouth County Superior Court, Civil Action No: 04-0089B*. A copy of the Complaint in that action is also attached to the defendant's Notice of Removal.

In that action, the plaintiff, RTFE Delaware, LLC, a limited liability company, organized under the laws of the State of Delaware. Harry W. Healey, Jr., is an individual residing in the Town of Hingham, County of Plymouth, Commonwealth of Massachusetts. The amount in controversy, according to the complaint filed by RTFE Delaware, LLC, is $100,000.

The action filed in the Superior Court for Plymouth County by RTFE Delaware, LLC on January 20, 2004, against Harry W. Healey, Jr., and known as *RTFE Delaware, LLC v. Harry W. Healey, Jr., Plymouth County Superior Court, Civil Action No: 04-0089B*, arises out of the same transaction or occurrence as the *Zammito* action which was removed to the United States District Court on January 23, 2004 because, as stated below, both actions involve identical counterclaims and witnesses and, particularly, RTFE Delaware, LLC was one of the businesses involved in Zammito's illegal RICO scheme.

## Legal Argument and Citations of Authority

As stated above, the plaintiff's motion to remand should be denied because this Court has original subject matter jurisdiction pursuant to 28 U.S.C.,

Sections 1331 and 1332(a)(1) and because counsel for the plaintiff has waived the timeliness requirements of 28 U.S.C., Section 1441(b). The fact that the plaintiff has waived the timeliness requirements of 28 U.S.C., Section 1441(b) was not disclosed by the plaintiff in its Qualified Opposition to the Defendant's Motion to Consolidate. These reasons are stated in more detail as follows:

In his answer to the Complaint filed by RTFE Delaware, LLC, the defendant has asserted the same defenses, affirmative defenses and counterclaims brought in the Zammito action which was removed to the United States District Court on January 23, 2004. A copy of the answer and counterclaim of the defendant, Harry W. Healey, Jr., which was filed in the Superior Court for Plymouth County on February 25, 2004 is attached to the defendant's Notice of Removal.

Thus, this Court has original jurisdiction over the action filed by RTFE Delaware, LLC in the Superior Court for Plymouth County founded on diversity of citizenship where the amount in controversy exceeds $75,000 (28 U.S.C., Section 1332(a)(1)) and because the defendant's counterclaims involve a Federal question or claim arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331).

Moreover, the defendant's defenses and counterclaims are identical to those asserted in the Zammito action and involve the same witnesses and evidence. In his Answer and Counterclaim, Healey raises the same defenses, affirmative defenses and counterclaims brought in the Zammito action (See, Answer and Counterclaims, Second Defense). Both actions involve potentially

more than thirty identical witnesses (see, Healey's Answer to Interrogatory No. 3) and identical schemes by Zammito whereby monies were siphoned away from businesses, including RTFE Delaware, LLC, to the detriment of Healey and other shareholders (see, Healey's Answer to Interrogatory No. 12). Thus, both actions arise out of the same transactions and occurrences.

On February 11, 2004, and prior to the filing of the defendants' answer, the parties conferred by telephone pursuant to Local Rule 7.1 concerning the plaintiffs' intention to file motions to dismiss the defendants' civil RICO claims in the *Zammito* action. During that telephone conference, counsel for the defendant, Stephen J. Lyons, notified plaintiffs' counsel of his intention to remove the case known as *RTFE Delaware, LLC v. Harry W. Healey, Jr., Plymouth County Superior Court, Civil Action No: 04-0089B* based upon diversity of citizenship and Federal subject matter jurisdiction. As stated above, the plaintiff, RTFE Delaware, LLC, is a limited liability company organized under the laws of the State of Delaware and Healey intended to assert counterclaims identical to those brought in the *Zammito* action since both actions arose out of the same transactions and occurrences. *See, Affidavit of Counsel in Reply to Plaintiff's Qualified Opposition to Consolidate.*

Since such a dispositive motion would affect this court's subject matter jurisdiction and, if successful, mandate removal of the case to state court, counsel for the parties agreed that the defendant would for reasons of economy delay the filing a his notice of removal in the case of *RTFE Delaware, LLC v. Harry W. Healey, Jr., Plymouth County Superior Court, Civil Action No: 04-0089B*

until such time as the plaintiffs' motion to dismiss in the *Zammito* action was filed, heard and decided. See, *Affidavit of Counsel in Reply to Plaintiff's Qualified Opposition to Consolidate.*

On February 12, 2004, the plaintiffs filed their motion to dismiss in the *Zammito* action.

On April 1, 2004, this Court conducted a hearing on the plaintiffs' motion to dismiss in the *Zammito* action.

On April 5, 2004, this Court entered an Order denying the plaintiffs' motion to dismiss in the *Zammito* action.

On August 2, 2004, following the hearing and decision on the plaintiffs' motion to dismiss and pursuant to the prior agreement of counsel, the defendant filed his notice of removal in the case of *RTFE Delaware, LLC v. Harry W. Healey, Jr.*, Plymouth County Superior Court, Civil Action No: 04-0089B. That case was properly removed to this Court pursuant to 28 U.S.C., Section 1441(a) and (b). This Court has subject matter jurisdiction pursuant to 28 U.S.C., Sections 1331 and 1332(a)(1).

28 U.S.C., Section 1446(b) provides that the notice of removal of a civil action or proceeding "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in the Court and is not required to be served on the defendant, whichever period is shorter".

However, in opposing the consolidation of these actions, the plaintiff fails to point out the fact that counsel for the plaintiff expressly waived the statutory time limit for filing the notice of removal in this action at the time of the Rule 7.1 conference that was held on February 11, 2004. *See, Affidavit of Counsel in Reply to Plaintiff's Qualified Opposition to Consolidate.*

While the statutory time limit contained in 28 U.S.C., Section 1446(b) has been held to be mandatory, "it is merely a formal and modal requirement and is not jurisdictional" and the District Court has discretion to deviate from the timeliness requirements. *Somlyo v. J. Lu-Rob Enterprises, Inc.,* 932 F.2d 1043, 1046 (2d Cir. 1991) (quoting *Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th cir. 1980)). The timeliness requirements in 28 U.S.C. §1446(b) may be waived. *Id. See, Howard v. Northwest Airlines,* 793 F.Supp. 129 (December 31, 1991). *See also, Sun NLF Limited Partnership, v. United States District Court for the Southern District of New York,* 96 Civ. 0696 (HB), 1996 U.S. Dist. LEXIS 11775 (decided August 13, 1996)(denying plaintiff's motion to remand because the plaintiff had waived the timeliness requirements of 28 U.S.C., Section 1446(b)).

On August 13, 2004, the parties conducted a conference pursuant to the requirements of Local Rule 7.1. At that time, counsel discussed their prior agreement concerning the delayed filing of the defendant's notice of removal. *See, Affidavit of Counsel in Reply to Plaintiff's Qualified Opposition to Consolidate.* Where, as here, the plaintiff has waived the timeliness requirements of 28 U.S.C, Section 1446(b), remand would be inappropriate.

Moreover, since this Court has original subject matter jurisdiction and both matters arise out of the same transaction or occurrence; involve similar claims and identical defenses and counterclaims; will require identical discovery; and, the calling of nearly thirty (30) witnesses to testify on substantially the same evidence, this Court, in its discretion, should permit a departure from the formalities of Section 1446(b).

## Conclusion

**WHEREFORE**, for all of the foregoing reasons, the remand of this action to the Superior Court would be improper.

Respectfully submitted;

THE DEFENDANT,

By his attorneys:

*Stephen Lyons*
Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
 & GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated: August 23, 2004

## CERTIFICATE OF SERVICE

I, Stephen J. Lyons, hereby certify that a true copy of the above document was served upon the attorney of record for each other party via first class mail on August 23, 2004.

*Stephen Lyons*
Stephen J. Lyons

11