IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-11703-REK

| | |
|---|---|
| RTFE DELAWARE LLC, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) ) |
| HARRY W. HEALEY, JR., | ) ) ) |
| Defendant | ) ) |

**AFFIDAVIT OF COUNSEL IN REPLY TO PLAINTIFF'S QUALIFIED OPPOSITION TO CONSOLIDATE**

I, Stephen J. Lyons, depose and state as follows. The statements made herein are made upon personal knowledge, except those which are specifically noted as being made upon information and belief. Where the information herein is stated upon information and belief, I hereby state that I believe such information to be true.

1. I am a partner at the law firm of Klieman, Lyons, Schindler & Gross, counsel for the defendant. I am familiar with the facts in, and procedural history of, the above-captioned action and I am submitting this Affidavit of Counsel in Reply to Plaintiff's Qualified Opposition to Consolidate.

2. On February 11, 2004, and prior to the filing of the defendants' answer, the parties conferred by telephone pursuant to Local Rule 7.1 concerning the plaintiffs' intention to file motions to dismiss the defendants' civil

RICO claims in the case of *Robert J. Zammito, Jr., et als v. Harry W. Healey, Jr., et als*, Civil Action No: 04-10161-REK (hereinafter the "*Zammito* action").

3.  During that telephone conference, as counsel for the defendant, I notified plaintiffs' counsel of the defendant's intention to remove the case known as *RTFE Delaware, LLC v. Harry W. Healey, Jr.*, Plymouth County Superior Court, Civil Action No: 04-0089B based upon diversity of citizenship and Federal subject matter jurisdiction. The plaintiff, RTFE Delaware, LLC, is a limited liability company organized under the laws of the State of Delaware and Healey intended to assert counterclaims identical to those brought in the *Zammito* action since both actions arose out of the same transactions and occurrences.

4.  Since such a dispositive motion would affect this court's subject matter jurisdiction and, if successful, mandate removal of the case to state court, counsel for the parties agreed that the defendant would, for reasons of economy, delay the filing a his notice of removal in the case of *RTFE Delaware, LLC v. Harry W. Healey, Jr.*, Plymouth County Superior Court, Civil Action No: 04-0089B until such time as the plaintiffs' motion to dismiss in the *Zammito* action was filed, heard and decided.

5.  Thus, counsel for the plaintiff expressly waived the statutory time limit for filing the notice of removal in this action at the time of the Rule 7.1 conference that was held on February 11, 2004 and agreed that any notice of removal should not be filed until after this Court decided the plaintiff's motion to dismiss in the *Zammito* action.

6. On February 12, 2004, the plaintiffs filed their motion to dismiss in the *Zammito* action.

7. On April 1, 2004, this Court conducted a hearing on the plaintiffs' motion to dismiss in the *Zammito* action.

8. On April 5, 2004, this Court entered an order denying the plaintiffs' motion to dismiss in the *Zammito* action.

9. On August 2, 2004, following the hearing and decision on the plaintiffs' motion to dismiss and pursuant to the prior agreement of counsel, the defendant filed his notice of removal in the case of *RTFE Delaware, LLC v. Harry W. Healey, Jr.*, Plymouth County Superior Court, Civil Action No: 04-0089B. That case was properly removed to this Court pursuant to 28 U.S.C., Section 1441(a) and (b). This Court has subject matter jurisdiction pursuant to 28 U.S.C., Sections 1331 and 1332(a)(1).

10. On August 13, 2004, the parties conducted a conference pursuant to the requirements of Local Rule 7.1. At that time, I reminded plaintiff's counsel of their prior agreement concerning the delayed filing of the defendant's notice of removal. A copy of my letter of August 13, 2004 to plaintiff's counsel concerning our prior agreement is attached hereto as Exhibit 1.

11. On August 23, 2004, counsel for the plaintiff, Kevin Considine, Esquire, telephoned me and indicated that the plaintiff does not intend to file a motion to remand and does not oppose the consolidation of these actions in the absence of a remand by this Court of the within action to the Superior Court.

12. Attached hereto as Exhibit 2 is a true and accurate copy of the Answers Of The Defendant, Harry W. Healey, Jr., to Interrogatories Propounded by the Plaintiff, RTFE Delaware LLC which were served on August 20, 2004.

Signed this 25th day of August, 2004, under the pains and penalties of perjury.

*Stephen Lyons*
Stephen J. Lyons